UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HOLMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV681 CDP |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

James Holman was convicted by a state-court jury of first degree domestic assault, armed criminal action, and unlawful use of a weapon. He was sentenced as a prior and persistent offender to concurrent terms of twenty years imprisonment for the domestic assault and armed criminal action counts and a concurrent term of ten years for the unlawful use of a weapon count. Holman is incarcerated in the Southeast Correctional Center in Charleston, Missouri.

This matter is before the Court on Holman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Holman raises two grounds for relief. For the reasons stated below, petitioner's request for federal habeas corpus relief will be denied.

# FACTUAL BACKGROUND

On January 6, 2003, Holman, Holman's sisters (Gloria Williams, Jackie Holman, and Arnetta Martin), Holman's ex-girlfriend Denise Thomas, and Thomas Armour were all present at Peter Gun's Bar in St. Louis, Missouri. Thomas had lived with Holman in 1994 or 1995 and they had a continuing sexual relationship throughout the years. As Peter Gun's was closing, Thomas asked Armour for a ride to another bar. Armour agreed and the two left Peter Gun's together. Upon exiting the bar, Holman asked Thomas if she was leaving with the "old man," referring to Armour; Thomas continued walking to Armour's car. While Thomas entered the backseat of the car, Holman fired multiple gunshots, two of which hit Thomas, resulting in injuries to her left wrist and thigh. Thomas got into the car and instructed Armour to drive away. Before Armour and Thomas could flee the scene, Keith Fields blocked them in with his car. Holman exited the obstructing vehicle from the passenger side, pointed a gun at Armour's head, and ordered Thomas to exit the vehicle. Thomas complied with Holman's command and got into Fields' car. Thomas told Holman that she had been shot. After learning of her injury, Holman and Fields dropped Thomas off at a hospital, where she received medical treatment for her gunshot wounds.

## PROCEDURAL BACKGROUND

Holman appealed his conviction to the Missouri Court of Appeals, arguing that the trial court erred in: 1) overruling his objection to improper impeachment and allowing the prosecutor to play an audiotape of Holman's statement, in which he acknowledged owning a "street-sweeper" shotgun; 2) overruling his objection to the prosecutor mentioning the street-sweeper shotgun during closing argument; 3) failing to *sua sponte* order a competency exam upon learning that the defendant was borderline mentally retarded. The Missouri Court of Appeals affirmed the conviction.

Holman then filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, claiming ineffective assistance of counsel. Following an evidentiary hearing, the Circuit Court of the City of St. Louis denied the motion. Holman appealed the ruling, asserting the following claims of ineffective assistance of counsel: 1) failure to ask Gloria Williams, Jackie Holman, Arnetta Martin, and James Holman enough questions regarding the violent nature of the victim, Denise Thomas, and her previous acts of violence against the defendant, all of which would have supported a claim of self defense; 2) failure to submit an instruction on the lesser included offense of domestic assault in the second degree, a class C felony, which caused the jury to convict Holman of domestic assault in

the first degree, a class B felony. The Missouri Court of Appeals affirmed the denial of post-conviction relief.

## GROUNDS RAISED

Holman now seeks federal habeas corpus relief. Claiming violations of his Sixth Amendment rights under the United States Constitution, he asserts the following grounds for relief:

> 1) Ineffective assistance of trial counsel for not producing evidence from Gloria Williams, Jackie Holman, Arnetta Martin, Keith Fields, and James Holman regarding the victim's violent nature;
>
> 2) Ineffective assistance of trial counsel for not submitting an instruction on second degree domestic assault.

Respondent contends the claim regarding Keith Fields is procedurally barred and the other claims fail on the merits.

## PROCEDURAL BAR

Holman's claim of ineffective assistance of counsel for failing to call Keith Fields as a witness is procedurally barred. A federal habeas petitioner must fairly present his federal claims to the state courts before he is entitled to federal habeas relief. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996). To fairly present a habeas claim, a "petitioner must present the same facts and legal theories" to the state and federal courts, which allows "the state court to apply the controlling legal

principles to the facts that constitute the federal claim." Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994). The ineffective assistance claim regarding Keith Fields was not raised in Holman's direct appeal, post-conviction relief motion, or appeal of the denial of post-conviction relief. Because Holman has not exhausted the state remedies with respect to this claim, it is procedurally barred.

Holman can overcome the procedural bar by showing: 1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or 2) that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, Holman must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To show actual prejudice, Holman must demonstrate "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982).

To qualify for the fundamental miscarriage of justice exception, petitioner must show that he is "actually innocent" of the crime for which he was convicted. Schlup v. Delo, 513 U.S. 298 (1995); Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997). To make a showing of actual innocense, petitioner must 1)

support his allegations of constitutional error with new reliable evidence not introduced at trial; and 2) establish that it is more likely than not that no reasonable jury would have convicted him after hearing the new evidence. Weeks, 119 F.3d at 1351. The actual innocence exception is a very narrow and limited exception, reserved for extraordinary cases that compel the exercise of the court's equitable discretion. Id.

Holman has not made the requisite showing to overcome the procedural default. He has offered nothing that could constitute cause for his failure to assert this claim earlier. The record indicates that at the conclusion of sentencing, Holman told the judge that he was unsatisfied with his attorney's failure to secure Keith Fields as a witness. Thus, he knew of the claim all along, but never raised it before. Holman cannot demonstrate cause for the procedural default.

Similarly, Holman cannot show that he suffered actual prejudice as a result of the absence of Fields' testimony. Although the record provides no guidance as to what testimony Fields would provide if he were called to testify, Holman's *pro se* petition indicates that Fields would have testified as to the victim's violent nature. As demonstrated in Ground 1, infra, multiple witnesses offered testimony as to the victim's violent nature, which would make Fields' testimony merely cumulative. Since the jury heard substantially the same testimony that,

presumably, Fields would have offered and the jury convicted Holman despite that testimony, the absence of this similar evidence does not amount to actual prejudice.

Lastly, the procedurally barred claim does not fall within the fundamental miscarriage of justice exception. Assuming, as Holman's petition indicates, that Fields would testify as to the victim's violent nature, four other witnesses offered similar testimony. Despite evidence of the victim's history of violence presented at trial, the jury did not believe Holman was acting in self defense. Thus, there is no reason to believe that, in light of this presumably cumulative evidence, no reasonable jury would have convicted Holman.

Because Holman failed to raise this ground for relief in state court, it is procedurally barred. Holman has not shown cause and prejudice or that he is actually innocent. Thus, he cannot overcome the procedural bar.

MERITS

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. 2254(d).

In Shafer v. Bowersox, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646–47 (8th Cir. 2003) (quoting Williams v. Taylor, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy

support in the record." Lomholt, 327 F.3d at 752 (citing 28 U.S.C. § 2254(e)(1); Boyd v. Minnesota, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

Ground 1: Ineffective Assistance of Counsel for Failure to Produce Evidence

In Holman's first ground for relief, he alleges that his right to effective assistance of counsel was violated. Specifically, Holman claims that his attorney, Douglas Forsyth, did not elicit enough testimony in support of the self defense claim from Gloria Williams, Jackie Holman, Arnetta Martin, and James Holman.

The Circuit Court of the City of St. Louis rejected this claim:

> Movant's first allegation is that trial counsel was ineffective for failing to adduce evidence from Ms. Gloria Williams, Ms. Jackie Holman, Ms. Arnetta Martin and movant himself about the victim's prior arguments with movant, her aggressiveness, and her prior acts of violence against movant. Ms. Arnetta Martin testified at the hearing that the victim stabbed him and then threw a glass table which hit movant; that she cut his clothes; that she always carried a knife and pulled it on him; that she set a fire at the house where movant was living with another woman; that the victim had a little gun and a big gun. She testified that she spoke with Mr. Forsyth a lot about the case, but didn't tell him details about the prior incidents.
>
> Ms. Jackie Holman testified at the hearing that the victim was always aggressive; another female would set her off. She has seen her with a number of guns. She heard the glass break in the table incident. She told Mr. Forsyth about all these incidents. Ms. Gloria Williams testified at the hearing about similar facts. Mr. Holman testified at the hearing about the stabbing and the glass table incident, that she damaged his car, and that she set the fire. They hadn't lived together for 6–7 years at the time of the shooting on January 7, 2001. He spoke with Mr. Forsyth about this, but didn't get deep into it.

Mr. Forsyth testified that they all talked about the relationship throughout preparation for the trial. He made it a part of his trial strategy: 1) to show the jury the turbulent relationship, and 2) to use self defense as a defense. He testified that the prior bad acts of the victim were brought out in the trial.

That is precisely the problem with movant's first allegation. Ms. Martin, Ms. Holman, Ms. Williams and movant all testified at the trial about the violent relationship that movant and victim had for many years. Ms. Martin testified about previous fights between movant and victim. . . . Jackie Holman testified about the victim's temper and that the victim carried a gun. . . . Gloria Williams testified that the victim had stabbed movant in the past. . . . Further, movant testified on his own behalf at the trial that victim had previously set his house on fire and stabbed him. . . .

Trial counsel did introduce evidence of previous acts of violence by the victim against movant. Counsel's failure to introduce cumulative evidence cannot be deemed ineffective. State v. Suter, 931 S.W.2d 856, 870 (Mo.App.W.D. 1996). The choice of witnesses and defense tactics are ordinarily matters of trial strategy and will not support a claim of ineffective assistance of counsel. State v. Henderson, 826 S.W.2d 371, 378 (Mo.App. 1992). A decision not to call a witness is virtually unchallengeable. Childress v. State, 778 S.W.2d 3, 6 (Mo.App. 1989).

Apparently, movant's point is that counsel did not ask enough questions about these previous acts of violence. The trial strategy decision of how many questions to ask a particular witness will not support a claim of ineffective assistance of counsel. In fact, one example of a question backfiring occurred during Mr. Forsyth's questioning of Ms. Martin: "What is Denise like when she's angry?" Answer: "About, probably about tit for tat with James. They both alike." . . . Neither movant's facts nor the law support this allegation. In addition, there was no prejudice. This point is denied.

(Resp't Ex. 9 at 37–39). After reviewing the briefs and the record, the Missouri Court of Appeals affirmed the judgment without extended opinion. Holman v. State, 175 S.W.3d 182 (Mo.App.E.D. 2005).

Because both the circuit court and the court of appeals considered and rejected Holman's first ineffective assistance of counsel claim on the merits, the AEDPA deferential standard of review applies. Thus, for federal habeas relief, Holman must establish that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

To state a claim for ineffective assistance of counsel, Holman must establish that defense counsel's performance did not meet an objective standard of reasonableness and the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687–88 (1984). In determining whether defense counsel's performance was constitutionally deficient, the Court must decide "whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. There is, however, a strong presumption that "the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Furthermore, it is not an unreasonable

application of, or contrary to, federal law to conclude that defense counsel's failure to present cumulative evidence did not amount to ineffective assistance of counsel. Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006).

The state court's decision is both a reasonable application of Strickland and supported by the record. Forsyth testified that introducing evidence of the victim's prior bad acts was part of his self defense strategy. This tactic entailed asking certain witnesses certain questions regarding the victim's propensity for, and history of, violence. The record indicates that multiple witnesses testified as to the violent nature of the victim and her history of violent attacks against Holman, which is precisely the nature of the additional evidence Holman claims Forsyth should have presented. Therefore, any additional evidence on the same subject would be merely cumulative. For these reasons, the state court's determination that Forsyth's performance was not objectively unreasonable is entitled to deference.

Even if Holman could show that his counsel's performance fell below an objective standard of reasonableness, the state court's determination that Holman suffered no prejudice is entitled to deference. To establish prejudice, petitioner must demonstrate that there is a reasonable probability that the decision reached would have been different absent counsel's error. Strickland, 466 U.S. at 694;

Griffin v. Delo, 33 F.3d 895, 900 (8th Cir. 1994). In the present case, Holman argues that, in addition to similar testimony already presented, Forsyth should have elicited more evidence of the victim's violent nature, which would have bolstered Holman's self defense claim. However, despite the extensive testimony establishing the victim's violent nature, the jury chose not to believe that Holman acted in self defense. Holman claimed that while the victim was across the street, he fired multiple shots "up in the air" in an attempt to scare the victim and keep her away from him. This story is difficult to reconcile with the victim's gunshot injuries to her wrist and thigh. Instead of Holman's story, the jury chose to believe the prosecution's version of events: that Holman shot the victim because she was leaving the bar with another man. Thus, even if Forsyth introduced additional testimony detailing the victim's violent nature, the result would not have changed because the jury did not believe that Holman acted in self defense. Consequently, the state court's decision that Holman suffered no prejudice is entitled to deference.

Because the state court's decision is not an unreasonable application of Strickland and was not based on an unreasonable determination of the facts, I will deny habeas relief on Ground 1 of the petition.

## Ground 2: Ineffective Assistance of Counsel for Failure to Submit an Instruction on Second Degree Domestic Assault

In Holman's second ground for relief, he alleges that he was denied his right to effective assistance of counsel because Forsyth did not submit a jury instruction on second degree domestic assault.

The Circuit Court of the City of St. Louis rejected this claim:

> Movant's second allegation is that he was denied effective assistance of counsel in that counsel failed to submit an instruction for Domestic Assault second degree, a class C felony. Defense counsel decided as a matter of trial strategy to submit a self defense argument and instruction. He submitted a two page self defense instruction . . . . He argued that movant had shot his former girlfriend accidentally in an attempt to scare her off. . . . Domestic Assault first degree is a class B felony and the instruction given by the Court contained the elements of the crime including, that he had attempted to kill or cause serious physical injury to the victim. Domestic assault second degree is a class C felony and a person may be found guiltily if he recklessly caused physical injury by means of a deadly weapon. Mr. Forsyth testified at the PCR hearing that he thought the state had not proved the assault because of the self defense evidence. He had planned to submit the case to the jury with a self defense argument and instruction from the beginning.
>
> A defendant is permitted to adopt a trial strategy and to attempt to persuade the jury of it. When the failure to request a lesser included instruction is a matter of strategy, the court should not second guess the defendant's counsel. Rather, the defendant may determine whether he will give the jury an 'all or nothing' choice, or request submission of lesser included offense instructions. State v. Dexter, 954 S.W.2d 332, 344 (Mo.banc 1997). This point is denied.

(Resp't Ex. 9 at 39). After reviewing the briefs and the record, the Missouri Court of Appeals affirmed the judgment without extended opinion. Holman, 175 S.W.3d 182. Because the state courts considered and rejected Holman's second ineffective assistance of counsel claim on the merits, the AEDPA deferential standard of review applies.

The state court's determination that Holman received effective assistance of counsel is a reasonable application of Strickland to the facts of this case. Under Strickland, "strategic choices made after thorough investigation . . . are virtually unchallengeable." 466 U.S. at 690. These strategic choices may include a decision not to submit a lesser included offense instruction. See Watts v. Roper, No. 4:03CV526 CEJ, 2006 WL 2708630, slip op. at *2 (E.D.Mo. Sep. 20, 2006) ("[G]iven the petitioner's defense at trial rested so heavily on the stabbing being unintentional, it was reasonable trial strategy to omit a voluntary manslaughter instruction.").

Forsyth testified that he made a strategic decision to omit the instruction on the lesser included offense of domestic assault in the second degree. Forsyth reasoned that given Holman's criminal record, even if he was found guilty of the lesser included offense, he would have been subjected to a substantial period of confinement. Forsyth made the tactical decision to give the jury an "all or

nothing" choice, which he believed was the best chance for Holman to avoid a lengthy prison sentence. Because Forsyth's decision to omit the instruction was based on reasonable trial strategy, the state court's determination that Forsyth's actions did not fall below an objective standard of reasonableness is entitled to deference.

As the state court's decision is not an unreasonable application of Strickland and was not based on an unreasonable determination of the facts, I will deny habeas relief on Ground 2 of the petition.

### Certificate of Appealability

Since the petitioner cannot make a substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (substantial showing requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.").

Accordingly,

**IT IS HEREBY ORDERED** that petition of James Holman for writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2008.